THOMAS R. SMITH, GUARDIAN, RESPONDENT, vs. T. EUGENE GIBSON, APPELLANT.

In prosecuting appeals from judgments rendered in chancery causes, which were pending at the date of the passage of the Code, neither a case nor exceptions is necessary. The court will review the law and the facts upon the record in the same manner as it did under the practice anterior to the Code. The delay in filing the return in this case being attributable to a misapprehension of the parties and failure of the judge to act, the appeal should not be dismissed on account of the delay.

Appeal from the Circuit Court for Columbia County, Third Judicial Circuit.

This is a motion to dismiss the appeal. The grounds for the motion, so far as considered by the court, are stated in the opinion.

*E. C. Love* for Respondent.

*John W. Malone* for Appellant.

WESTCOTT, J., delivered the opinion of the court.

The respondent moves to dismiss the appeal upon two grounds:

*First*—Because the appellant has not caused the proper returns to be made and filed with the clerk of this court within twenty days after the perfecting of the appeal.

The respondent has filed a certificate from the clerk of the court below that an appeal has been taken, and makes an affidavit that notice of the motion to dismiss the appeal has been served upon the appellant's attorney. Under these circumstances, the appeal should be dismissed, unless the appellant shows good cause for his omission in failing to file his return twenty days after perfecting the appeal.

We deem it unnecessary to go into any lengthy discussion of the facts set forth in the affidavit disclosing the causes of the delay in this case. The affidavit, in its essential points, is sustained by exhibits attached to it, and we are satisfied that good cause has been shown for the delay. Both the parties, as well as the court, thought that a case and exceptions were necessary to review the action of the court in this case, and the delay in getting the case settled and verified resulted from the failure on the part of the Judge of the Circuit Court to settle and sign a case or exceptions or to act in any manner and from no laches in the parties. The judge may or may not have been excusable for this failure, but as it cannot be attributed to the neglect of the party, he should not suffer.

*Second*—Because the return here filed contains no case or exceptions.

This is an action which was originally commenced in a Court of Chancery, and the Code, Section 384, provides that

the Supreme Court shall review such a cause upon the facts and the law. Under the chancery practice anterior to the Code, this court reviewed chancery causes without a bill of exceptions or a case stated, while in actions at law, in order to review any of the evidence produced on the trial, it was necessary to embrace it in a bill of exceptions, and that such bill be made a part of the record by the order of the judge. While the effect of the Code is to modify the practice as to future actions, it does not so effect chancery causes pending when the Code was enacted. They are to be reviewed upon the facts and the law as they appear from the record on file in the court below. An appellant bringing up all the proceedings of the court below, including the evidence taken in the case, is entitled to have a review of the law and facts without a case or exceptions. This is the result of the decisions of the Court of Appeals in New York upon a similar section of the Code of that State.

Motion denied.